SUCCESSORS OF ABARCA & CO., LTD., PLAINTIFFS, *v.* CENTRAL VANNINA, DEFENDANT AND APPELLEE (GARCÍA, PETITIONER AND APPELLANT).

APPEAL from the District Court of San Juan, Section 1, in Receivership Proceedings.

No. 1391.—Decided March 9, 1916.

APPEAL—RECEIVERSHIP—CREDITORS—APPRAISEMENT OF CANE.—According to subdivision 1 of section 295 of the Code of Civil Procedure, as amended by Act of March 11, 1908, an appeal may be taken to the Supreme Court from a decision rendered in receivership proceedings determining the rights of a creditor and of the receivers in regard to the value of certain sugar cane delivered by the former to the latter, it falling within the definition of a judgment as given in section 188 of the said code.

ID.—NOTICE OF JUDGMENT—FILING COPY OF NOTICE.—When a decision is appealable the time within which the appeal may be taken begins to run from the date on which the secretary files the notice of judgment among the papers in the case, pursuant to section 2 of Act No. 70 of March 9, 1911.

ID.— RECEIVERSHIP — INCIDENTAL CLAIMS — APPRAISEMENT OF CANE — JURISDICTION—ESTOPPEL.—When a court has jurisdiction of receivership proceedings and of the incidental claims of a contracting planter, it also has jurisdiction to rule upon the rights of the parties regarding the value of certain sugar cane, albeit in the exercise of that jurisdiction it may keep within or exceed the limits of the law, and if the parties acquiesce in the proceeding they are estopped from attacking it on appeal.

RECEIVERSHIP—APPRAISEMENT OF CANE—STIPULATION—FORMER AGREEMENT.— When in receivership proceedings both the receivers and the contracting planters agree to submit themselves to the decision of the court with regard to the appraisement of certain sugar cane, it cannot be said that a former agreement between the parties for the appraisement by experts was violated.

ID.—REDUCTION OF APPRAISEMENT—DISCRETION OF COURT—BURDEN OF PROOF— APPEAL.—When there is no basis upon which to determine whether the lower court manifestly abused its discretion in reducing the appraisement of certain sugar cane in receivership proceedings, the presumption exists in its favor that it acted correctly in the exercise of a sound discretion and not arbitrarily, and the burden is upon the appellant to prove the contrary by including in the record the data necessary to place this court in the same position as the lower court was when it decided the case.

The facts are stated in the opinion.

*Messrs. Alvarez Nava & Domínguez* for the defendant.

*Mr. Rafael López Landrón* for the petitioner and appellant.

The plaintiffs did not appear.

Mr. Chief Justice Hernández delivered the opinion of the court.

In receivership proceedings of the Central Vannina pending in the District Court of San Juan, Section 1, it was ordered that the receivers take possession of the growing sugar cane belonging to Rafael García Soriano, a planter under contract to deliver the same (*colono*) to the said central. This order gave rise to contentions between García Soriano and the receivers, which were settled by an agreement of July 31, 1914, in which the receivers and García Soriano, with the consent of the court, stipulated that García should deliver immediate possession of the sugar cane belonging to him and that it should be appraised within a fixed period of three days by two experts, one to be appointed by each party, it being understood that in case these appraisers should fail to agree they should each name another and one of these should be selected as referee by chance, the one so selected to make the appraisement, which should be final, and reserving to García Soriano the right to sue the Central Vannina or the receivers for any damages which he might deem himself entitled to by virtue of certain claims which he sought to establish against the said central, and also reserving to the receivers the right to resist such claims in the proper manner. Being unable to agree, the appraisers of García's sugar cane, Mariano Hernández and Pedro Romanacce, named José María Calderón and Francisco Bird, respectively. The latter was chosen by lot and on August 4, 1914, he appraised the sugar cane belonging to Rafael García at a total value of $15,186.

On August 13 Rafael García Soriano moved the court to order that the receivers of the Central Vannina credit his account with the sum of $15,186, at which value his sugar cane, which had already been delivered to the management of the Central Vannina, had been appraised, and to pay him the balance of $1,026.81 in his favor within three days, with-

out prejudice to his claims for damages caused by the suspension of advances of funds not involved in the agreement.

On July 3, 1915, García Soriano made this same motion to the master in chancery and the receivers having objected to its consideration on the ground that it had been already ruled upon by the court in its decision of December 1, 1914, he contended that the said decision was void not only because he had not been notified of it, but also because it was in contravention of the compromise agreement entered into by the parties on July 31, 1914, which had the force of *res judicata* and therefore should be complied with and carried out.

The decision of December 1, 1914, is as follows:

"*Whereas*, In accordance with the order of this court of July 3, 1914, Rafael García Soriano, of age, planter and resident of Santurce, by his attorney, filed an appraisement of the growing sugar cane of the *Colonia Rafael García* which was made by Pedro Romanacce on August 3, 1914, which appraisement forms part of the record in the present case;

"*Whereas*, The receivers of the defendant corporation, by their attorneys, duly appeared before this court and objected to the said appraisement and the claim of García Soriano;

"*Whereas*, Later the receivers of the Central Vannina, *as well as Rafael García Soriano, personally and by their respective attorneys, agreed to submit to the decision of this court in regard to the said appraisement;*

"*Whereas*, This court has fixed the value of the said growing sugar cane at $9,000;

"*Therefore*, The receivers of the Central Vannina are hereby authorized to credit the account of García Soriano with the sum of $9,000, which is the appraised value of the growing sugar cane of the said García Soriano.

"Done in chambers this first day of December, 1914. (Signed) Félix Córdova Dávila, District Judge. Attest: C. Marrero, Secretary."

On July 9, 1915, the attorney for García Soriano appealed from the above decision of December 1, 1914, to this court, alleging that he had been notified or became cognizant thereof on July 3, 1915.

The following are the questions of law submitted for consideration in the present appeal:

1. Whether the decision of December 1, 1914, is appealable.

2. Whether the appeal was taken within the time fixed by law.

3. Whether the said decision is void because of lack of jurisdiction of the court which rendered it.

4. Whether it violates the law of the contract—that is, the agreement of July 31, 1914, entered into by the appellant, Rafael García Soriano, and the appellees, the receivers of the Central Vannina.

5. Whether in the event that the parties agreed to submit to the decision of the court in regard to the appraisement of the sugar cane of Rafael García Soriano the court abused its discretion in reducing the amount by $6,186 in favor of one and against the other party, this being the difference between the sum of $15,186 at which the referee appraised the sugar cane and the $9,000 fixed by the court in its decision.

Let us examine these questions in the order in which they have been raised.

1. According to subdivision 1 of section 295 of the Code of Civil Procedure as amended by the Act of March 11, 1908, "An appeal may be taken to the Supreme Court from a district court from a final judgment in an action or special proceeding commenced in the court in which the same is rendered, within one month after the entry of judgment"; and according to section 188 of the same code, "A judgment is a final determination of the rights of the parties in an action or proceeding."

The decision of December 1, 1914, comes within the definition of a judgment given in section 188, for the court thereby determined the rights of Rafael García Soriano and of the Central Vannina in the special proceeding which both parties agreed to for the purpose of settling their differences regarding the value of the sugar cane delivered by García

Soriano to the Central Vannina. The said decision is therefore appealable under subdivision 1 of section 295.

2. The decision under consideration being appealable, notice thereof should have been given to Rafael García Soriano by the secretary of the court, and the time within which an appeal may be taken begins to run from the date of the filing of the notice with the record, pursuant to section 2 of Act No. 70 of March 9, 1911, which reads as follows:

."In all cases in which an appeal may be taken as provided in section 295 of the Code of Civil Procedure, as amended March 11, 1908, it shall be the duty of the secretary of the court to mail a written notice to the losing party or his attorney when the judgment from which the appeal may be taken is rendered, notifying him of the rendition of the judgment or the action of the court, and a copy of such notice shall be filed with the papers in the case, and the time within which such appeal may be taken shall begin to run from the date of the filing of such notice among the papers."

As García Soriano contends that no notice of the decision of December 1, 1914, was given him and his contention is not denied by the appellees, the time within which the appeal may be taken should and does begin to run from the date on which García Soriano alleges that he had notice of the said decision, or July 3, 1915, and as he took the appeal on the ninth of the same month, it was taken within the time prescribed by law.

3. As the court had jurisdiction over the receivership proceedings of the Central Vannina and over the incidental claim of García Soriano, there is no doubt that it had jurisdiction to render the decision appealed from, albeit in the exercise of that jurisdiction it might keep within or exceed the limits of the law. García Soriano acquiesced in the proceeding and is now estopped from attacking it.

4. It has not been shown that the lower court violated the agreement entered into by the parties on July 31, 1914, for, as stated in the decision appealed from, subsequent to that agreement both the receivers of the Central Vannina

and Rafael García Soriano, personally and by their attorneys, agreed to submit themselves to the decision of the court with regard to the appraisement of the sugar cane. This being the case, until the contrary is shown the law of the contract must be held to have been changed by the will of the interested parties and it cannot be said that the same was violated.

5. We have no basis upon which to determine whether the court manifestly abused its. discretion in reducing the appraisement of the sugar cane by $6,186. The presumption exists in its favor that it acted correctly in the exercise of a sound discretion and not arbitrarily, and the burden was upon the appellant to prove the contrary by including in the record the data necessary to place this court in the same position as the lower court was when it.decided the case.

For the foregoing reason the decision appealed from should. be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice del Toro took no part in the decision of this case.